UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

CIVIL ACTION NO.: 1:20-CV-11127-IT

| | |
|---|---|
| THOMAS STYLIANOS, JR., | |
| And | |
| DANIEL DEM | |
| *Plaintiffs* | |
| *v.* | Agency File #s:APP2020000888, (Appeal) |
| | NRC2020009841 (Original FOIA) |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE | |
| *Defendant* | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINITFFS' MOTION FOR SUMMARY JUDGMENT

**Issues Presented**

1. Were the documents requested improperly withheld by the defendant?

2. Is a marriage certificate equivalent to "personnel and medical files and similar files" for purposes of 5 U.S.C. §552(b)(6)?

3. Do documents submitted by a petitioner to USCIS in connection with a petition seeking an immigration benefit for a beneficiary relative become personal information of the beneficiary when USCIS files it in the beneficiary's Alien File such that disclosure to the petitioner who originally submitted the documents would "constitute a clearly unwarranted invasion of personal privacy" 5 U.S.C. §552(b)(6)?

**Standard of Review**

The Court's review of an agency decision to withhold documents from a FOIA requester is *de novo.* 5 U.S.C. §552(a)(4)(B).

**Burden of Proof**

The government bears the burden of proof to establish that a given document is exempt from disclosure. N.H. Right to Life v. United States HHS, 778 F. 3d 43 (1st Cir. 2015); Church of Scientology Int'l v. United States Department of Justice, 30 F 3d 224 (1st Cir. 1994).

**Facts**

The plaintiff incorporates by reference the Statement of Undisputed Facts and the Declaration of Daniel Dem, both filed herewith.

**Argument**

**1. The government bears the burden of justifying the withholding of documents.**

As stated above, the government bears the burden of proof to establish that a given document is exempt from disclosure. N.H. Right to Life v. United States HHS, 778 F. 3d 43 (1st Cir. 2015). The government contends that because, it claims, the withholding of the documents at issue was authorized by a statutory exemption, that the court lacks subject matter jurisdiction. To support this position, it is incumbent on the government to offer evidence that satisfies the court that the withholding of documents was authorized under one of the 9 statutory exemptions. Patel v. United States Dep't of State, 2011 U.S. Dist. LEXIS 165855, citing Williamson v. Tucker, 645 F. 2d 404 (5th Cir. 1981). When a factual attack on the court's jurisdiction is also a challenge to a federal cause of action, the proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case. Williamson v. Tucker , *supra* at 415. A court is therefore required to convert even a properly filed Rule 12(b)(1) motion to dismiss into a motion for summary judgment under Rule 56 when resolution of the jurisdictional question is intertwined with the merits of the case. Holt v. United States, 46 F. 3d 1000, 1003 (10th Cir. 1995). Where the question of subject matter

jurisdiction is dependent on the same statute that provides the substantive claim, the jurisdictional issue is intertwined with the merits. Holt v. United States, *supra* at 1003. Whether the government styles its motion as a 12(b)(1) motion or as a cross motion for summary judgment, the result is the same. The Court should treat it as a summary judgment, and evaluate the affidavits and Vaughn index submitted by the government, with due regard for the government's burden of proof.

The government also indicated in its answer that it would file a motion to dismiss under Rule 12(b)(6). Of course, under Rule 12(d), the submission of affidavits or a Vaughn index would compel the Court to treat the motion as one for summary judgment under Rule 56.

**2. Marriage Certificates are public records, and are not the equivalent of personnel files or medical records.**

Exemption 6 to FOIA, 5 U.S.C. §552(b)(6) exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

> The term "similar" was used to indicate that, while the exemption was not limited to strictly medical or personnel files, the files covered in the third category must have the same characteristics of confidentiality that ordinarily attach to information in medical or personnel files; that is, to such extent as they contain "intimate details' of a highly personal nature, they are within the umbrella of the exemption.

Robles v. Environmental Protection Agency, 484 F. 2d 843 (4th Cir. 1973)

The statutory exemption does not simply cover all files that may be regarded as "similar" to health files. In order to qualify for the exemption, the documents must meet the additional qualifications set forth in the exemption, i.e. they must contain information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Dep't of the Air

Force v. Rose, 425 U.S. 352 (1976); Columbia Packing Co. v. United Stated Dep't of Agriculture, 563 F 2d 495 ((1st Cir. 1977).

Daniel Dem and Narong Iv were married in Cambodia. As in the United States, there are formalities which must be complied with in order for a marriage to be legally recognized. In both countries, a government official records the fact of the marriage, and issues marriage certificates attesting to the fact of the marriage, the identities of the parties thereto and the date the marriage came into being. Unlike personnel files or medical records, marriage certificates are generally available to the public. See, e.g. Goodridge v. Department of Public Health, 440 Mass. 309, (2003) (The record-keeping provisions of G. L. c. 207 are more extensive. Marriage applicants file standard information forms and a medical certificate in any Massachusetts city or town clerk's office and tender a filing fee. G. L. c. 207, §§ 19-20, 28A. The clerk issues the marriage license, and when the marriage is solemnized, the individual authorized to solemnize the marriage adds additional information to the form and returns it (or a copy) to the clerk's office. G. L. c. 207, §§ 28, 30, 38-40 (this completed form is commonly known as the "marriage certificate"). The clerk sends a copy of the information to the registrar, and that information becomes a **public record**. See G. L. c. 17, § 4; G. L. c. 66, § 10.")[Emphasis added]; Monge v. Maya Magazines, Inc., 688 F. 3d 1164 (9th Cir. 2012); Armstrong v. Modern Woodmen of Am., 93 Wash. 352 (1916).

Since they are public records, available for inspection by any interested member of the public, marriage certificates stand on a different footing from the documents Congress identified in creating the exemption from FOIA for personnel files, medical records and similar records. The parties to the marriage have no reasonable expectation that the record of their marriage

would not be available to curious members of the general public, let alone that the record would be unavailable to their spouse.

**3.  Release of the documents to the plaintiffs would not constitute a "clearly unwarranted invasion of privacy."**

The I-130 was created by the plaintiff Daniel Dem, using information willingly shared by Ms. Iv, for the purpose of obtaining an immigrant visa for her.[1]  Mr. Dem had a continuing interest in the contents of the document even after filing it with USCIS.  If the I-130 was denied, for example, the petitioner (and not the beneficiary) would have standing to challenge the denial before the Board of Immigration Appeals. Kerry v. Din, 576 U.S. 86, 88 (2015).

The mere fact that the agency elected as a matter of recordkeeping to place the petition in the beneficiary's A-file.  It is the nature of the information sought, and not the label the agency places on its file which determines whether it is exempt under exemption 6. United States Dep't of State v. Wash. Post Co., 456 U.S. 595, 601 (1982). "Congressional concern for the protection of the kind of confidential personal data usually included in a personnel file is abundantly clear. But **Congress also made clear that nonconfidential matter was not to be insulated from disclosure merely because it was stored by an agency in its 'personnel' files**." Department of the Air Force v. Rose, *supra* at 372. [Emphasis added]

Once a determination is made that the files are "similar files" under the statute, the Court must go on to determine whether disclosure of the information would constitute a clearly unwarranted invasion of the privacy of the subject of the record. United States Dep't of State v. Wash. Post Co., *supra* at 602.

---

[1] The I-130 form has changed markedly in recent years.  The first page of the present I-130 contains only information about the petitioner.  The version of the I-130 in use at the time Mr. Dem filed contained biographical information about both petitioner and beneficiary, such as name, address, date of birth, place of birth, and marital status, including date of marriage.

Here, the documents sought are an existing public record and a document prepared by the plaintiff Mr. Dem using information shared with Mr. Dem by the beneficiary, Ms. Iv[2]. As argued above, Ms. Iv had no reasonable expectation that the record of her marriage to Mr. Dem would be kept confidential from any curious individual, let alone from her husband, who participated in the marriage.

**Conclusion**

The plaintiffs here seek only two documents, namely, a marriage certificate, which is a public record, and the first page of a document prepared by the plaintiff Mr. Dem, using information that the beneficiary willingly shared with him in order to seek an immigrant visa. That information is basic biographical information, such as date and place of birth, marital status and date and place of marriage. None of the information sought is of a highly personal nature, or would cause any embarrassment or invite any unwanted public scrutiny for the beneficiary. Even if the government satisfies the Court that the records requested are "similar files" for purposes of Exemption 6, it cannot meet its burden of proving that disclosure to Mr. Dem would constitute a clearly unwarranted invasion of Ms. Iv's personal privacy. The Court should order disclosure of the requested documents.

        THOMAS STYLIANOS, JR.,
        DANIEL DEM
        By their attorney

        /s/Thomas Stylianos, Jr.

        Thomas Stylianos, Jr.

---

[2] Compare Medina-Hincapie v. United States Department of State, 700 F.2d 737, where the Department of State provided a FOIA requester with documents submitted by the requester to DOS, on the grounds that since the documents were at one time or another possessed by the requester, either directly or constructively through his attorney, they were not covered by the confidentiality limitation of 8 U.S.C. 1202(f). See also, Patel v. United States Dep't of State, supra at 3, treating Medina-Hincapie as creating an exception to the confidentiality limitaqtion for documents originating with the applicant or someone acting on their behalf.

BBO# 565941
287 Appleton Street
Lowell, MA 01852
(978) 459-5000  Phone
(978) 459-3079  Fax
Tom@Thomasinlowell.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served electronically via the *CM/ECF* notification system on those registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: August 21, 2020                          */s/ Thomas Stylianos, Jr.*

                                                                                   Thomas Stylianos, Jr.