UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS STYLIANOS, JR, | * |
| | * |
| and | * |
| | * |
| DANIEL DEM, | *   Civil Action No. 20-cv-11127-IT |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| UNITED STATES CITIZENSHIP | * |
| AND IMMIGRATION SERVICES, | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER
January 28, 2021

TALWANI, D.J.

Plaintiffs Daniel Dem and Thomas Stylianos (Mr. Dem's attorney) brought this action requesting that the court reverse the United States Citizenship and Immigration Services' ("USCIS") decision denying Plaintiffs' request for documents submitted by Mr. Dem to USCIS. Plaintiffs and USCIS agree that there are no genuine disputes of material facts and have filed cross motions for summary judgment. The court sees no reason, based on the record presently before it, that Plaintiffs should not be able to obtain these documents. Nonetheless, as explained further below, because Plaintiffs' administrative appeal and complaint sought relief only under the Freedom of Information Act ("FOIA") and the court concludes that documents may not be compelled under FOIA, Plaintiffs' Motion for Summary Judgment [#13] is DENIED and Defendant's Motion for Summary Judgment [#21] is GRANTED.

I. **Statement of Facts**

The following facts are uncontroverted. Plaintiff Daniel Dem was born in Cambodia and became a naturalized United States citizen in 1994. Dem Aff. ¶ 1 [#24-1]. While visiting Cambodia in approximately 2006 or 2007, he met and married Narong Iv. Id. ¶ 3. When Plaintiff returned to the United States, he filed a Petition for Alien Relative ("I-130 petition") with USCIS to establish his relationship to Ms. Iv. Id.; see also United States Citizenship and Immigration Services, I-130, Petition for Alien Relative, https://www.uscis.gov/i-130 (last visited Jan. 27, 2021) (noting that an I-130 Petition may be used by a "U.S. citizen[] or lawful permanent resident . . . to establish [his or her] relationship to an eligible relative who wishes to come to or remain in the United States permanently and get a Permanent Resident Card (also known as a Green Card)"). Mr. Dem also filed a petition seeking a visa for Ms. Iv, see Def.'s Ex. A, at 2, G-649 Form [#22-2], but USCIS ultimately denied the visa, and Mr. Dem and Ms. Iv subsequently fell out of touch. Dem Aff. ¶ 4 [#24-1]. However, Mr. Dem never participated in any divorce proceedings and does not know of any such proceedings. Id. ¶ 5.

Mr. Dem subsequently had a ceremonial marriage in Cambodia to another woman with whom he has a child. Id. ¶ 6. Mr. Dem reports that his counsel informed him that this marriage is not valid until he is formally divorced from Ms. Iv, and that Mr. Dem needs to submit the marriage certificate from his marriage to Ms. Iv to the Massachusetts Probate Court in order to obtain that divorce. Id. For that reason, he is seeking his marriage certificate and Form I-130 from USCIS. Id. ¶ 7.

USCIS has at least two forms that may be used to request documents: Freedom of Information/Privacy Act Request (Form G-639) and Request for the Return of Original Records (Form G-884). USCIS's Instructions for Form G-639 state that the form may be used to obtain

records under both FOIA and the Privacy Act ("PA"). See United States Citizenship and Immigration Services, G-639 Form Instructions, https://www.uscis.gov/sites/default/files/document/forms/g-639instr.pdf (last visited Jan. 27, 2020). The instructions explain that, "[w]ith certain exceptions, FOIA provides access to Federal agency records," while the Privacy Act, *inter alia*, "allows U.S. citizens or lawful permanent residents to . . . [r]equest access to information pertaining to themselves in Federal agency records . . . ." Id. USCIS's Instructions for Form G-884 state that the form may be used "to request the return of original documents submitted to establish eligibility for an immigration or citizenship benefit." See United States Citizenship and Immigration Services, G-884 Form Instructions, https://www.uscis.gov/sites/default/files/document/forms/g-884instr.pdf (last visited Jan. 27, 2021).

On or about January 2, 2020, Mr. Dem, through counsel, submitted a Form G-639, seeking (1) a copy of the first page of the form I-130 that Mr. Dem prepared and submitted to establish his relationship to Ms. Iv and (2) the marriage certificate Mr. Dem attached to the I-130 form. Eggleston Aff. ¶ 8 [#22-1]. The request identified Mr. Dem as both the person on whose behalf the request has been made and as the subject of the requested records, explained that Mr. Dem "needs info on prior marriage," and stated, regarding the records he sought, that Mr. Dem "[m]arried Narong Iv sometime in perhaps 2008 or 2009. Client filed a I-130 & I-129F, Wife was to come as a K-3." See Def.'s Ex. A, at 2–4, submitted form G-639 [#22-2].[1] To assist

---

[1] A K-3 visa is a visa that allows the spouse of a U.S. citizen to be admitted to the United States as a nonimmigrant while waiting to complete the permanent resident process. See United States Citizenship and Immigration Services, K-3/K-4 Nonimmigrant Visas, https://www.uscis.gov/family/family-of-us-citizens/k-3k-4-nonimmigrant-visas (last accessed Jan. 27, 2021).

USCIS in locating the records, Mr. Dem provided his Alien-File ("A-File") number, date of birth, and a reference number. Eggleston Aff. ¶ 8.

USCIS responded initially with what appears to be a form letter from the Director of FOIA Operations for USCIS. See Def.'s Ex. B, USCIS January 13, 2020 Letter [#22-2]. The letter stated that the "request is being handled under the provisions of the Freedom of Information Act (5 U.S.C. § 552)." Id. USCIS's subsequent response in March 2020 stated that USCIS was not able to locate the "marriage certificate and page one of the I-130." See Def.'s Ex. C, USCIS March 2, 2020 Letter [#22-2]. Although the letter identified Plaintiffs' request as a "Freedom of Information Act / Privacy Act (FOIA/PA)" request, the letter informed Mr. Dem of his appeal rights under FOIA only. Id. Neither letter explained why the request was not being processed under the Privacy Act when the form covered both such requests and where Mr. Dem was seeking information pertaining to himself that he submitted to USCIS. Neither letter mentioned that Mr. Dem could also seek the return of original documents using USCIS Form G-884.

In May 2020, Mr. Dem filed an administrative appeal of USCIS's denial of the request. See Pls.' Ex. C, at 5, FOIA Appeal [#13-5]. In his appeal, Mr. Dem noted that the reference number he had provided was a state department number (presumably relating to Ms. Iv's visa application), and that he had now obtained the reference number from the I-130 petition. Id. The letter suggested that USCIS look in Ms. Iv's A-File for the documents. Id. As the government's affiant later confirmed, it is indeed USCIS's policy to store I-130 forms and attachments (which are submitted by U.S. citizens or lawful permanent residents) in the A-File of the foreign relative seeking the visa. Eggleston Aff. ¶ 13.

4

USCIS ultimately located Mr. Dem's I-130 Form and supporting documents, which had been placed in Ms. Iv's A-File, in September 2009. Id. USCIS concluded, however, that Mr. Dem's record request was a FOIA request seeking "records pertaining to a third party." Eggleston Aff. ¶ 15. USCIS explained that because the requested information related to Ms. Iv's immigration application, Ms. Iv had a privacy interest in the document and Mr. Dem would need to provide either Ms. Iv's written consent, prove that Ms. Iv is deceased, or provide "a demonstration of a public interest that would outweigh [Ms. Iv's] privacy interest." Id. (citing FOIA Exemption 6, 5 U.S.C. § 552(b)(6)). Because Plaintiffs' request had failed to satisfy these criteria, USCIS denied the administrative appeal. Pls.' Ex. D, USCIS June 3, 2020 Letter [#13-5].

## II. This Action Does Not Seek Relief Under the Privacy Act

As noted above, Plaintiffs initially sought the documents using USCIS Form G-639, which covers both FOIA and Privacy Act requests, and sought information pertaining to Mr. Dem himself. This Form suggests that the Privacy Act, and not FOIA, may be the more appropriate framework for considering whether Mr. Dem is entitled by law to the requested records. In response to the court's inquiry, see Elec. Order [#30], the parties confirmed, however, that Plaintiffs did not pursue their administrative appeal or complaint here under the Privacy Act, and that the court therefore should proceed in adjudicating the case under FOIA only. Joint Statement [#31]. Although the court so proceeds, the court also finds, based on the facts set forth above, that USCIS's initial determination that Plaintiffs' FOIA / Privacy Act request would be treated as a FOIA request, USCIS's consideration of FOIA only, USCIS's notice to Plaintiffs of appeal rights under FOIA only, and Plaintiffs' failure to independently review alternatives for seeking these documents have unnecessarily burdened the parties and the court.

**III.    Legal Standard for Review of Agency Determination Under FOIA**

Under FOIA, this court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). FOIA provides that the court shall give no deference to the agency's application of FOIA with the exception of questions of feasibility not relevant here. Id.

Furthermore, where the government contends that a document is exempted from disclosure because it falls in one of nine FOIA exemptions, the burden is on the government to prove that the exemption applies. Carpenter v. U.S. Dep't of Just., 470 F.3d 434, 438 (1st Cir. 2006) (internal citations omitted). Any doubts in the application of an exemption must be "resolved in favor of disclosure." Id. (citing U.S. Dep't of Just. v. Julian, 486 U.S. 1, 8 (1988); Providence J. Co. v. U.S. Dep't of the Army, 981 F.2d 552, 557 (1st Cir.1992)).[2] Because, as here, FOIA cases rarely present a dispute of fact, they "typically and appropriately are decided on motions for summary judgment." Georgacarakos v. F.B.I., 908 F. Supp.2d 176, 180 (D.D.C. 2012) (internal citation omitted).

**IV.    Discussion**

The government contends that the requested records fall within Exemption 6, which exempts from disclosure under FOIA "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Gov't's Mem. 7 [#22] (citing 5 U.S.C. § 552(b)(6)). The Exemption 6 inquiry consists of two

---

[2] Indeed, in the case of the exemption at issue here, Exemption 6, some courts have held that "the presumption in favor of disclosure is as strong as can be found anywhere in the Act.'" Multi Ag Media LLC v. Dep't of Agric., 515 F.3d 1224, 1227 (D.C. Cir. 2008) (quoting Nat'l Ass'n of Home Builders v. Norton, 309 F.3d 26, 32 (D.C. Cir. 2002)).

6

steps: (1) determining whether the requested documents fall into the category of "personnel and medical files and similar files;" and (2) determining whether disclosure of the documents would "constitute a clearly unwarranted invasion of personal privacy." U.S. Dep't. of State v. Wash. Post Co., 456 U.S. 595, 596 n.1 and 602 (1982) (citing 5 U.S.C. § 552(b)(6)) (setting forth this two-step inquiry)). The court addresses the two steps in turn.

> A. Whether the Requested Documents Constitute "Personnel and Medical Files and Similar Files"

Plaintiffs argue that the requested records are not "personnel and medical files and similar files" under the first element of the Exemption 6 analysis since the information contained therein is publicly available. Pls.' Mem. 3–4 [#14]. In Washington Post, the respondent made a similar argument, contending that the exemption was limited to records of the type that usually contain "intimate details" and "highly personal" information. 456 U.S. at 600. In rejecting this argument, the Supreme Court acknowledged that "[i]nformation such as place of birth, date of birth, date of marriage, employment history, and comparable data is not normally regarded as highly personal," but nonetheless concluded that FOIA's "similar files" category applies to all "Government records on an individual which can be identified as applying to that individual." Id. at 599–603 (citing H.R. Rep. No. 89-1497, at 11 (1966), as reprinted in 1966 U.S.C.C.A.N. 2418, 2428). The Court noted that this construction of "similar files" cast a wide net, but explained that the "limitation" on Exemption 6 was not the label on the file but the second step of whether disclosure would constitute a "clearly unwarranted invasion of personal privacy." Id. at 600.

Plaintiffs press for a different result, arguing that the information is not a "similar" record where it is a public record. Pls.' Mem. 4 [#24] (citing Goodridge v. Dep't of Pub. Health, 798 N.E.2d 941 (Mass. 2003); Mass. Gen. Laws ch. 17, § 4; Mass. Gen. Laws ch. 66, § 10). In

support of their argument, Plaintiffs have submitted an Affidavit [#24-2] from a Cambodian attorney, Souhuoth Leng.[3] But that government entities maintain public records documenting marriages, property transfers, court filings and so on may speak to their obligations to make these records available to the public. The issue presented here, however, is a different one, namely, whether the federal government is maintaining this information as a "record[] on an individual which can be identified as applying to that individual." Whether USCIS held these records under Mr. Dem's name or Ms. Iv's name, a FOIA request for these records falls within this category. Accordingly, the court turns to the second step of the Exemption 6 analysis.

> B. Whether Disclosure of the Requested Documents would "Constitute a Clearly Unwarranted Invasion of That Person's Privacy"

The second step of the Exemption 6 analysis asks whether disclosure under FOIA would "constitute a clearly unwarranted invasion of that person's privacy." 5 U.S.C. § 552(b)(6).

The Supreme Court has directed that this analysis requires "a balancing of the individual's right of privacy against the preservation of the basic purpose of the Freedom of Information Act to 'open agency action to the light of public scrutiny.'" Dep't of the Air Force v. Rose, 425 U.S. 352, 372 (1976) (citing Rose v. Dep't of the Air Force, 495 F.2d 261, 263 (2d

---

[3] Attorney Leng states that when a couple seeks to marry in Cambodia, the civil registrar issues copies of the marriage announcement for posting and publication to the local community and that if no objection is received, the parties may then have their marriage registered in the "civil status book" and receive a certificate of marriage. Leng Aff. ¶¶ 7–8 [#24-2]. Attorney Leng further states that the civil registration book is a "public record[], open to inspection." Id.

Cir. 1974), aff'd, 425 U.S. 352 (1976)). The court begins with the purpose of FOIA, before turning to Ms. Iv's privacy rights.

### 1. The Public Interest in Disclosure

Plaintiffs acknowledge that Mr. Dem does not seek these records so that he may better understand the workings of USCIS or government more generally, but that "Mr. Dem seeks the information requested so that he may re-marry." Pls.' Mem. 5 [#24]. Plaintiffs note that "the freedom to marry is one of the vital personal rights protected by the due process clause of the Fourteenth Amendment as essential to the orderly pursuit of happiness." Pls.' Mem. 5, n.5 [#24] (citing Obergefell v. Hodges, 576 U.S. 644 (2015); Loving v. Virginia, 388 U.S. 1 (1967)). But the public interest that may exist in Mr. Dem being able to remarry is not the type of public interest that FOIA was designed to further.

"Congress 'clearly intended' the FOIA 'to give any member of the public as much right to disclosure as one with a special interest [in a particular document].'" U.S. Dep't of Just. v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 771 (1989) (internal citations omitted). Accordingly, "the identity of the requesting party has no bearing on the merits of his or her FOIA request." U.S. Dep't of Def. v. Fed. Labor Rels. Auth., 510 U.S. 487, 496 (1994) (quoting Reporters Committee, 489 U.S. at 771).[4] This is because "the rights of the [requestors] in this case are no different from those that might be asserted by any other third party, such as a neighbor or prospective employer." Reporters Committee, 489 U.S. at 771; see also Fed. Labor, 510 U.S. at 496 ("Congress clearly intended the FOIA to give any member of the public as much

---

[4] The Supreme Court has identified one exception to this general rule in cases where "the objection to disclosure is based on a claim of privilege and the person requesting disclosure is the party protected by the privilege." Reporters Committee, 489 U.S. at 771.

right to disclosure as one with a special interest in a particular document") (internal quotations omitted).

Instead, in "assessing . . . the public interest in disclosure" the court is to "consider 'the nature of the requested document and its relationship to the basic purpose of the Freedom of Information Act to open agency action to the light of public scrutiny.'" Union Leader Corp. v. U.S. Dep't of Homeland Sec., 749 F.3d 45, 53–54 (1st Cir. 2014) (quoting Reporters Committee, 489 U.S. at 772). Plaintiffs provide no argument as to how the requested documents may serve to open agency action to public scrutiny and the court finds none.

*2. Ms. Iv's Privacy Rights*

Plaintiffs present two arguments for why Ms. Iv has no cognizable privacy interest in the requested records.

First, Plaintiffs contend that the requested marriage certificate is a "public record" and therefore Ms. Iv cannot have a privacy interest in the document. But Plaintiffs' efforts to obtain the marriage certificate through FOIA—as opposed to through inspecting the registry—belie their point that Ms. Iv has no privacy interest in the requested materials. See Reporters Committee, 489 U.S. at 764 ("Indeed, if the summaries were 'freely available,' there would be no reason to invoke the FOIA to obtain access to the information they contain."). As the government argues, even if the records may be available elsewhere, it does not necessarily follow that Ms. Iv has no interest in USCIS disclosing her marriage certificate to requestors through a FOIA request. See id. at 770 ("[T]he fact that an event is not wholly private does not mean that an individual has no interest in limiting disclosure or dissemination of the information"); Taylor v. Dep't of Just., 268 F. Supp.2d 34, 38 (D.D.C. 2003) ("[T]he fact that the requestor might be able to figure out some or all of the individuals' identities through other

means, or the fact that their identities have already been disclosed, does not diminish their privacy interests in not having the documents disclosed"). Here, even if Ms. Iv's marriage certificate may be obtained by petitioning the Cambodian government, it does not necessarily follow that Ms. Iv no longer has any expectation of privacy in the open dissemination of the document (even though it may, arguably, lessen her reasonable expectation of privacy).

Plaintiffs' second argument—that Ms. Iv has no privacy interests relating to disclosure of the records to Mr. Dem where he was once in possession of the documents—is foreclosed where, as explained above, the court cannot consider the identity of the requesting party in considering the FOIA request. Indeed, if the court were to order production of these documents to Plaintiffs, Mr. Dem's neighbors, employers, and others would be equally entitled to these documents. See Reporters Committee, 489 U.S. at 771.

On balance, the absence of any articulable public interest in disclosure of the sought-after records requires the conclusion that USCIS properly determined that the documents should be withheld under FOIA Exemption 6. As the Supreme Court wrote in Reporters Committee, FOIA's central purpose is to "ensure that the *Government's* activities be opened to the sharp eye of public scrutiny, not that information about *private citizens* that happens to be in the warehouse of the Government be so disclosed." 489 U.S. at 774 (emphasis in original). Because of this, the Court noted that "it should come as no surprise that in none of our cases construing the FOIA have we found it appropriate to order a Government agency to honor a FOIA request for information about a particular private citizen." Id. at 774–75. This case is no different. While Ms. Iv's expectation of privacy in the requested documents may be small, and Mr. Dem's need for the documents may be great, FOIA is not the correct mechanism for obtaining the documents.

## V.     Conclusion

For the reasons stated above, Plaintiffs' Motion for Summary Judgment [#13] is DENIED and Defendant's Motion for Summary Judgment [#21] is GRANTED.

IT IS SO ORDERED.

Date:   January 28, 2021                                                    /s/ Indira Talwani
                                                                            United States District Judge